United States District Court
Southern District of Texas
ENTERED
November 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JAMES ANTHONY SPANOS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00216 |
| | § | |
| CITY OF CLEAR LAKE SHORES, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me in this civil rights action is a motion to dismiss filed by Defendants City of Clear Lake Shores, Texas ("the City") and Clear Lake Shores Police Officer Jacob Rodriguez. *See* Dkt. 11. Having considered the motion, the briefing, and the relevant law, I grant the motion, but I will give Spanos leave to amend his false arrest and malicious prosecution claims against Rodriguez.

## BACKGROUND[1]

Around 10 pm on the night of January 10, 2026, Rodriguez was in his police vehicle parked on the median of FM 2094 when he observed a black car driving approximately 60-mph in a 40-mph zone. Rodriguez pursued the speeding vehicle, but the driver evaded law enforcement. Rodriguez's dash camera recorded the vehicle, showing an all-black vehicle with black tires and rims. The car was also missing a front license plate and had no metal trim around the window and doors.

The Clear Lake Shores Police Department contacted the Kemah Police Department and requested that nearby flock cameras be utilized to help identify the speeding vehicle. A flock camera showed a black car with Texas license plate

[1] These facts are taken from Spanos's complaint. *See* Dkt. 1. At the motion to dismiss stage, I take all Spanos's well-pleaded factual allegations as true.

XJT 0760. The Kemah police provided Rodriguez with this license plate number, which belongs to a vehicle owned by Plaintiff James Spanos.

On January 11, 2026, Rodriguez went to Spanos's house to conduct an interview. Spanos cooperated and answered Rodriguez's questions, admitting that he owned a black Tesla with license plate number XJT 0760 and that he was driving on FM 2094 the evening of January 10, 2026. Rodriguez did not ask to see Spanos's vehicle, which has silver metallic rims, silver metallic trim outlining the windows and door frame, and a front license plate, as well as different headlights from those of the suspect's vehicle.

Clear Lake Shores submitted to the Galveston County District Attorney's Office: (1) dash camera footage from Rodriguez's patrol car; (2) a second officer's dash camera footage; (3) a log from the Kemah Police Department showing the flock camera pictures' timestamps; and (4) "Rodriguez's report [which] indicated that the flock camera located at Marina Bay Dr. (east bound) and Hanson Rd, . . . showed the vehicle belonging to James Spanos with license plate XJT 0760." Dkt. 1 at 4. Galveston County issued a warrant for Spanos's arrest. Galveston County officers arrested and jailed Spanos for approximately 12 hours before he posted bond. Galveston County ultimately dismissed its case against Spanos. Spanos claims the case was dismissed when a new prosecutor compared "the distinctive characteristics of Mr. Spanos' vehicle . . . to the suspect's vehicle." *Id.* at 7.

On July 9, 2026, Spanos instituted this lawsuit against Rodriguez and Clear Lake Shores, asserting four claims: (1) arrest without probable cause in violation of 42 U.S.C. § 1983; (2) excessive force in violation of Texas state law and § 1983; and (3) malicious prosecution in violation of Texas state law and § 1983; and (4) false imprisonment in violation of Texas state law. Rodriguez and the City have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

Under Rule 12(b)(6), a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (quotation omitted). Legal conclusions, however, are not entitled to the same presumption of truth. *See Iqbal*, 556 U.S. at 680.

## ANALYSIS

### A. Spanos Has Abandoned Certain Claims

Before turning to the merits of Spanos's claims, I find that Spanos has abandoned his: (1) excessive force claims against both defendants; (2) Texas state law false imprisonment claim against both defendants; and (3) all his § 1983 claims against the City.

It is the Fifth Circuit's "well-settled precedent . . . that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023); *see also Wesner ex rel. Charles Wesner Jr. Living Tr. v. Southall*, 772 F. Supp. 3d 700, 707 (N.D. Tex. 2023) ("When a non-moving party files a response to a motion to dismiss and fails to include an argument about a claim that the motion seeks to have the Court dismiss, the Court may determine that the

nonmoving party has abandoned the unaddressed claim."). Spanos has failed to defend his claims or even address Defendants' arguments regarding municipal liability,[3] excessive force,[4] and false imprisonment.[5] Accordingly, Spanos has abandoned these claims.

## B. SECTION 1983

Spanos alleges that Rodriguez caused his "detention, seizure, arrest, imprisonment and criminal prosecution" without probable cause in violation of § 1983. Dkt. 1 at 8. "To ultimately prevail on his [§] 1983 false arrest/false imprisonment claim, [Spanos] must show that [Rodriguez] did not have probable cause to arrest him." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Likewise, "party asserting a § 1983 malicious prosecution claim must prove an unlawful Fourth Amendment seizure and substantiate[, among other things,] the absence of probable cause for such proceeding." *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025).

---

[3] Spanos fails to allege any of the three elements required to plead municipal liability: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). This is an independent and sufficient reason to dismiss Spanos's § 1983 claims against the City.

[4] Spanos alleges only that Rodriguez "caused" Spanos's arrest, not that Rodriguez himself arrested Spanos or used force against him, or that Rodriguez exercised supervisory control over the unidentified officer(s) who arrested Spanos. Dkt. 1 at 8. Spanos's failure to allege Rodriguez's "overt personal participation" in Spanos's arrest is an independent and sufficient reason to dismiss Spanos's excessive force claim. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008).

[5] Spanos's false imprisonment claim fails for two reasons. First, "[i]f a suit is filed . . . against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e); *see also Liu v. City of San Antonio*, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied) (holding that intentional tort claims against the employee must be dismissed as the plaintiff sued both the employee and the governmental unit). Because Spanos has asserted a false imprisonment claim against the City, Spanos's false imprisonment claim against Rodriguez must be dismissed. Second, the City enjoys governmental immunity from "false imprisonment" claims. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2). These are independent and sufficient reasons to dismiss Spanos's false imprisonment claim.

"The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense.'" *Piazza v. Mayne*, 217 F.3d 239, 245–46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). It is not required, however, that "an officer perform a perfect investigation that uncovers all readily available exculpatory evidence. Rather . . . an officer must have probable cause to make an arrest based on an investigation that was reasonable under the circumstances." *Barfield v. Louisiana ex rel. La. Dept. of Just.*, 325 F. App'x. 292, 296 (5th Cir. 2009).

Spanos does not, however, allege that Rodriguez personally arrested or prosecuted Spanos. "Absent [Rodriguez]'s overt personal participation in the events giving rise to the claims," Spanos must demonstrate—in addition to a lack of probable cause for the arrest and subsequent prosecution—"a sufficient causal connection between [Rodriguez]'s wrongful conduct and the constitutional violation." *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (quotation omitted). Given that Rodriguez was neither the arresting officer nor the prosecuting official, this is a high bar to clear.

"If facts supporting an arrest are placed before an independent intermediary such as a magistrate, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Buehler v. Dear*, 27 F.4th 969, 990 (5th Cir. 2022) (cleaned up). As the Fifth Circuit has explained:

> This doctrine is derived from the time-honored rule that a constable cannot be held liable for acts authorized by a warrant regular on its face, and issued by a magistrate having jurisdiction over the subject matter—which affords a full justification for all acts done by the officer in its lawful execution.

*Id.* (cleaned up). "Thus, a properly secured arrest warrant or grand jury indictment will shield a defendant who has committed or initiated a false arrest." *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022).

Although an intermediary's decision breaks the causal chain, "arrest warrants do not insulate arresting officers from false-arrest liability if their own false and misleading affidavits tainted the magistrate's deliberations." *Buehler*, 27 F.4th at 991 (quotation omitted). Thus, "the chain of causation remains intact if it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021) (quotation omitted). To make this showing, Spanos must allege facts plausibly suggesting that Rodriguez's report (1) "include[d] a false statement knowingly and intentionally, or with reckless disregard for the truth and (2) the allegedly false statement is necessary to the finding of probable cause." *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (quotation omitted).

Spanos argues that Rodriguez "knew or should have known that" Spanos's vehicle did not match the suspect's vehicle, and that Rodriguez's statements to the Galveston County Criminal District Attorney's Office constituted false representations because Rodriguez "intentionally withheld the time stamp of the flock camera from his report." Dkt. 1 at 7. According to Spanos, "the flock camera photo contained a time stamp of [his] vehicle" and, based on this time stamp, "Rodriguez could have calculated within 15 seconds the time the suspect's vehicle would have been in view of the flock camera." *Id.* at 5. But Spanos does not identify Rodriguez's position or the position of the flock camera. Spanos alleges that "Rodriguez's report indicated that the flock camera [was] located at Marina Bay Dr. (east bound) and Hanson Rd," but Spanos notes that "Hanson Rd does not intersect with Marina Bay Dr. Hanson Rd intersects with FM 518 near Highway 146." Dkt. 1 at 4. While these facts support Spanos's general theory that Rodriguez's investigation was sloppy, they do not help explain why the time stamp on the flock camera photo would have "exonerated Spanos as a suspect." *Id.* at 6. The allegation that Rodriguez withheld evidence that would have exonerated Spanos, without facts to plausibly suggest *why* such evidence would have been exonerating, is a legal conclusion that I need not accept as true. Because Spanos does not allege any

facts plausibly suggesting that Rodriguez made a materially false representation or omission, the independent intermediary doctrine bars Spanos's false arrest and malicious prosecution claims against Rodriguez.

In addition to being barred by the independent intermediary doctrine, Spanos also fails to allege a lack of probable cause. Spanos's contention that Rodriguez could and should have conducted a more thorough investigation is not enough to demonstrate a lack of probable cause. And for the reasons explained above, Spanos has failed to allege facts that would plausibly support his allegation that Rodriguez knew or should have known that Spanos was innocent. Thus, the failure to establish a lack of probable cause is an independent and sufficient reason why Spanos's false arrest and federal malicious prosecution claims fail.

There is a third reason that Spanos's federal malicious prosecution claim fails.[6] "A party asserting a § 1983 malicious prosecution claim must prove an unlawful Fourth Amendment seizure and substantiate . . . malice." *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025) (cleaned up). "Malice" is "often defined in this context as without probable cause *and* for a purpose other than bringing the defendant to justice." *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023). Spanos does not plausibly allege how Rodriguez acted with malice. Spanos cannot "bootstrap the lack of probable cause into the existence of malice." *Gonzalez v. Ramirez*, No. 7:24-cv-00132, 2026 WL 886911, at *12 (S.D. Tex. Mar. 31, 2026). The lack of probable cause and malice are "two distinct elements." *Id.* Because Spanos "has offered no [allegations] of [Rodriguez]'s actual motive beyond [his] own circular reasoning regarding probable cause," Spanos has not stated a claim for malicious prosecution. *Id.*

It bears repeating that Spanos's conclusory statements that "Rodriguez intentionally withheld the time stamp of the flock camera from his report" and "did not produce the exonerating evidence to the DA's office," are not enough to

---

[6] Spanos's state law malicious prosecution claim fails for the same reasons as his false imprisonment claim. *See supra* n.4.

show *how* Rodriguez made a material omission with reckless disregard for the truth. Dkt. 1 at 7. Without more, Spanos has not pleaded facts plausibly suggesting that Rodriguez tainted the deliberations of the magistrate who issued Spanos's arrest warrant. *See Tovar v. Rodriguez*, No. 3:23-cv-1758, 2026 WL 2497346, at *6 (N.D. Tex. Aug. 25, 2026) (holding that the defendant's statement that the suspect vehicle was identical to the plaintiff's did not taint the intermediary's decision despite six allegedly obvious differences between the two vehicle). Accordingly, Spanos's false arrest and malicious prosecution claims necessarily fail and must be dismissed.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (Dkt. 11) is granted. I will, however, give Spanos until Friday, November 13, 2026, to amend his § 1983 false arrest and malicious prosecution claims against Rodriguez, if he so chooses.

SIGNED this 3rd day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE